

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer L. Moses
County Attorney
Wheeler County
Wheeler, Texas

Dear Sir:

Opinion No. O-2296
Re: Applicability of the
"occasional trip" provi-
sion of the Texas motor
vehicle registration law
to trucks of an Oklahoma
corporation which deliver
groceries into Texas.
Also applicability of the
motor carrier act to an
individual who transports
goods for compensation
and hire from an incorp-
orated town to an unincorp-
orated town.

We are in receipt of your letter of April 24, 1940,
in which you request an opinion of this department on the
three questions contained therein. Your questions one and
two will be considered together. They read as follows:

"A. May the non resident owner of a
motor truck duly registered in the state of
Oklahoma operate or cause to be operated
such vehicle into Texas on an 'Occasional
Trip' as the latter term is defined with-
out registering such truck in this state
where such operator and owner delivers
wholesale groceries from Oklahoma to Texas
customers but makes no direct or indirect
charge to the customer for such delivery?

"B. May the above described wholesale
grocer or any other Oklahoma firm or manu-
facturer make an occasional trip into Texas

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Homer L. Moses, Page 2

with such vehicle or vehicles for the
purpose of delivering merchandise belong-
ing to such person or firm to Texas cus-
tomers where no direct charge is made for
such delivery but where the delivery price
of the merchandise is greater than the
price charged to such Texas customer if
such customer received the merchandise at
the warehouse of the Oklahoma firm and
transported it to Texas in the customers
own vehicle or at his own expense?"

Section 5 of Article 827b of the Penal Code reads,
in part, as follows:

"* * * And provided, further, that
any nonresident owner of a privately owned
motor vehicle may be permitted to make an
occasional trip into this state with such
vehicle under the privileges of this act
without obtaining such temporary registra-
tion certificate."

This department ruled in Opinion No. O-09 that the
trucks operated by the Schlumberger Well Surveying Corporation,
which were not being operated for compensation and hire, and
which were operated in Oklahoma but which made occasional trips
into Texas, came within the "occasional trip" provision of the
Texas motor vehicle registration law, despite the fact that
the corporation was a Texas corporation.

Our Opinion No. O-09 concluded as follows:

"If the trucks in question are not
being operated for compensation and hire,
it is my opinion, and you are so advised,
that the operators of the trucks could
make occasional trips into Texas by virtue
of the provisions of Article 827b, Sections
1 and 5, of the Penal Code of Texas without
registering in the State of Texas."

Our Opinion No. O-1893 is to the same effect. Copies
of both of those opinions are inclosed herein for your informa-
tion.

In line with our opinions above referred to, you are

Honorable Homer L. Moses, Page 3

advised that the trucks operated by the Oklahoma corporation could come within the "occasional trip" provision of the statute, if said trucks are not being operated for compensation or hire.

The answer to your questions A and B are controlled, we believe, by the holding of the Supreme Court of Texas in the case of New Way Lumber Co. vs. Smith, 96 S. W. (2d) 282. In that case the court was concerned with whether or not the trucks operated by New Way Lumber Company were "contract carriers" as that term is defined in the motor carrier act as follows:

"(h)  The term 'contract carrier' means any motor carrier as hereinabove defined transporting property for compensation or hire over any highway in this state other than as a common carrier."

The question, then, was whether or not the trucks of the lumber company which hauled lumber that belonged to the company for delivery to customers were being operated for compensation or hire.  The court held that the trucks were being operated for compensation or hire and based their holding upon the fact that the company made a carrying charge for the delivery of the lumber over and above the actual cost of the same.  The court stated as follows:

"Under the facts stated here the carrying of lumber owned by the company in its own trucks does not exempt it from the provisions of this law.  This is not a case where the trucks are operated exclusively within the incorporated limits of a town or city; nor is it a case where the price of the goods delivered is the same as those undelivered.  On the contrary, it is clearly a case where the price of the lumber includes a direct charge for the delivery thereof. The carrying charge is based directly on the distance traveled and the weight of the truck. Since the company receives compensation for the delivery of the lumber, it clearly appears that the trucks used come under the definition of a 'contract carrier,' and are subject to the provisions of article 911b."

Honorable Homer L. Moses, Page 4

Under the holding of the Supreme Court case, supra, you are therefore advised that the trucks operated by the company in question A presented by you would not be operated for compensation or hire, because no charge is made for the delivery of the groceries over and above the actual cost of the groceries in Oklahoma. A similar question was presented by you in 1938 when you asked the question as follows:

"May the proprietor of an wholesale gasoline business in the State of Oklahoma cause a motor vehicle belonging to such proprietor to be operated across the state line into Texas with a load of gasoline for the purpose of delivering such commodity to a customer in the state of Texas, where no extra charge is made to the customer for such delivery above the regular sale price of the gasoline, without obtaining a temporary registration certificate or other registration for such motor vehicle."

Assistant Attorney General Albert C. Walker wrote an opinion on August 2, 1938, in which he held as follows:

"It is the writer's opinion that the operator of such vehicle as described in the question above may make occasional trips into and out of Texas without obtaining a temporary registration certificate or other registration for such motor vehicle. See Article 827-b, Sections 1 and 5, Penal Code of Texas."

Mr. Walker's opinion was, in our opinion, correct, and our answer to your question A, supra, is in accord with the same.

In your question B, you present a fact situation where the trucks delivering groceries make an additional charge for the transportation or delivery of the groceries. In such case we feel that the facts would throw the operators of those trucks directly in line with the holding of the Supreme Court in the New Way Lumber Company case, supra. It is our opinion, therefore, that the trucks operated as described in your fact situation contained in question B would be operated for compensation or hire and would not come within the "occasional trip" provision quoted supra.

Honorable Homer L. Moses, Page 5

"C.    Should the resident owner of a
motor vehicle be classed as a motor carrier
where he transports goods wares and merchan-
dise for compensation and hire from an in-
corporated town along a state highway or
other road to an un-incorporated town or
village where in the course of such trans-
portation no incorporated town is passed?"

This department has previously passed on a question
identical with that which you present in your question number
C.  For your information, copies of Opinions No. O-1497 and
No. O-1592 on this point are inclosed herein.  Based on such
opinions, your third question is answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    *Billy Goldberg*

                    Billy Goldberg
                        Assistant

BG:RS

INCLOSURES

APPROVED MAY 23, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *Bwm*
CHAIRMAN